# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Civil Action: 3:21-cv-406-RJC-DSC

| | |
|---|---|
| **PATRICIA GRUBER,** ) ) **Plaintiff,** ) ) **v.** ) ) **OLAMETER CORPORATION,** ) ) **Defendant.** ) ) ) | **CONSENT PROTECTIVE ORDER** |

_____

In consideration of the Parties' consent to entry of this Agreed Protective Order, **IT IS HEREBY ORDERED:**

1.

In this proceeding, the Plaintiff has sought the production of the personnel records of certain former Olameter employees (other than the Plaintiff's personnel file, which has already been produced) from Defendant by way of discovery requests (hereinafter the "Confidential Information") which the Defendant has agreed to produce subject to entry of a protective order. Additionally, in the event Plaintiff is asked to produce documents that she in good faith believes are confidential, she may also utilize the protections of this Order for any Confidential Information.

2.

In order to accommodate Parties' need to utilize the Confidential Information in the litigation, in addition to any documents that plaintiff produces and believes in good faith to be confidential, while at the same time protecting the legitimate privacy interests of the former employees whose information has been requested, the Court hereby issues this Protective Order which governs the parties' use of any Confidential Information.

## **Protective Order**

### **Designation of Confidential Information**

1. For purposes of this Order, "Confidential Information" means proprietary, business, commercial, financial and/or personal information, including but not limited to employee personnel files, pay information, medical records, drug testing documents, workers' compensation files, corporate policies and procedures, trade secrets and other competitively sensitive materials, financial records, pricing information, actuarial records and reports and information about disabilities, tax returns, retirement benefits, customer information, vendor information, and other personal or financial information relating to third parties.

2. "Confidential information" may include documents, information contained in documents, depositions, interrogatory answers, and all other discovery pursuant to the Federal Rules of Civil Procedure; court testimony; matters in evidence; and other information furnished by or on behalf of any party in connection with this litigation which falls within the scope of this Order.

3. The party producing any documents or information subject to this Order shall have the right to use its discretion in designating materials to be confidential information as defined herein. However, the party shall be obligated to designate only documents or information which it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

4. Any party producing documents may designate such documents and copies thereof as confidential by marking any confidential page as follows: CONFIDENTIAL. · In lieu of placing said legend on the originals of documents, the producing party may legend the copies that are produced. When producing a multi-page document, all of which it contends is confidential, a party may designate the entire document as confidential by marking the cover page as follows: CONFIDENTIAL.

5. Information disclosed at the deposition of any party or at the deposition of one of its present or former officers, directors, employees or agents, or of independent experts retained by any party for purposes of this litigation may be designated by such party as confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Alternatively, such party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within ten business days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or

control. All depositions shall be treated as confidential for a period of at least ten business days after a full and complete transcript of said deposition is available.

## Use of Confidential Information

6. Confidential information shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

(a) Counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action, and any party, to the extent necessary to prepare this case for this litigation;

(b) Agents, representatives and employees of any party, as is necessary to prepare this case for litigation;

(c) Subject to the provisions of Paragraph 8 below, independent experts (who shall not be a party or an employee of a party) employed by counsel for the purpose of assisting in this action;

(d) A witness who is either the producing party or an employee of the producing party or a former or current employee of the producing party, as is necessary to prepare this case for litigation, and, the court reporter and courtroom personnel at any deposition, pretrial hearing, trial or other proceedings held in connection with this action;

(e) Subject to the provisions of Paragraph 9 below, any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

(f) Jurors and prospective jurors;

(g) Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

### **Non-Disclosure of Confidential Information**

7. No person to whom confidential information is disclosed shall disclose such confidential information to any person to whom disclosure is not authorized by the terms of this Order, or make any other disclosure of such confidential information for any purpose whatsoever, commercial or otherwise. In addition to the other restrictions on disclosure contained herein, the parties agree that no confidential information may be disclosed to any person (including any consultant, expert or employee of any party) until such person has read and signed a copy of this Order, thereby indicating his or her willingness to be bound by its provisions. The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

### **Information Filed with the Court**

8. When a party seeks to file under seal confidential documents, things, and/or information, including confidential portions of any transcript, a party shall file such documents under seal pursuant to the applicable Local Rules.

### **General Conditions**

9. In the event that a party disputes the propriety of the designation of any material or information as confidential, that party may file a motion with the Court requesting a ruling regarding whether the material or information should be treated as

confidential for purposes of this Order. No party shall be obligated to challenge the propriety of any designation of information as confidential and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

10. The production of attorney-client privileged materials, work product protected materials, or trial preparation materials shall not constitute a waiver of those protections. In the event of the production of such protected information, the Parties will follow the procedure set out in the Federal Rules of Civil Procedure.

11. At the conclusion of the above-captioned proceeding Plaintiff shall return all Confidential Information, upon request.

12. Any unauthorized disclosure by any party of Confidential Information in contravention of the terms of this Order may result in a finding of contempt and the imposition of sanctions upon a showing of good cause.

13. The Order shall survive the termination of this action and the Court shall retain jurisdiction to enforce or modify this Order.

**SO ORDERED**.

Signed: February 17, 2022

David S. Cayer
United States Magistrate Judge